ERIC GRANT
United States Attorney
JUSTIN J. GILIO
ROBERT L. VENEMAN-HUGHES
ELISA M. RODRIGUEZ
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALVARO ADRIAN LAGOS MIERES,<br>SERGIO EDUARDO ARAVENA MAUREIRA,<br>HUMBERTO ANIBAL JIMENEZ MORENO,<br>ALEX MOYANO MORALES, and<br>ERIK OSORIO OLIVAREZ,<br><br>Defendants. | CASE NO. 1:24-CR-00265-KES-EPG<br><br>PRELIMINARY ORDER OF FORFEITURE |

Based upon the plea agreements entered into between plaintiff United States of America and defendants Alvaro Adrian Lagos Mieres, Sergio Eduardo Aravena Maureira, Humberto Anibal Jimenez Moreno, Alex Moyano Morales, and Erik Osorio Olivarez, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Alvaro Adrian Lagos Mieres, Sergio Eduardo Aravena Maureira, Humberto Anibal Jimenez Moreno, Alex Moyano Morales, and Erik Osorio Olivarez's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

a. Approximately $19,750.00 in U.S. Currency, plus all accrued interest,
b. Approximately $5,020.83 in U.S. Currency, plus all accrued interest,
c. Approximately $3,800.00 in U.S. Currency, plus all accrued interest,

d. Approximately $3,041.00 in U.S. Currency, plus all accrued interest,
e. Approximately $2,808.00 in U.S. Currency, plus all accrued interest,
f. Approximately $2,000.00 in U.S. Currency, plus all accrued interest,
g. Approximately $1,519.59 in U.S. Currency, plus all accrued interest,
h. Approximately $1,000.00 in U.S. Currency, plus all accrued interest,
i. Approximately $640.00 in U.S. Currency, plus all accrued interest,
j. Approximately $175.00 in U.S. Currency, plus all accrued interest,
k. Approximately $112.00 in U.S. Currency, plus all accrued interest,
l. Motorola cellphone with SIM card 89012606379777221245F,
m. Motorola cellphone with SIM card 89012606379333233236F,
n. Motorola cellphone with SIM card 89012606349043934 95F,
o. Motorola cellphone with SIM card 89012606349248237 37F,
p. Motorola Moto G56-2024, model XT2417-1, Serial Number: ZN3222CZSR,
q. Motorola Moto G56-2024, model XT2414-1, Serial Number: ZY22JSN6Z4,
r. Motorola cellphone, no Serial Number,
s. Apple iPhone 8, IMEI: 355143725433618,
t. Apple iPhone, model MYW53LL/A, Serial Number: J7PH2MD2KW,
u. Apple iPhone 16 ProMax, model MYW63LL/A, Serial Number: H6XQ56R2G9,
v. Apple iPhone, no Serial Number,
w. Apple iPad Air, model A2902, Serial Number: M39J96NPQK,
x. T-Mobile cellphone, model TMRV0756, Serial Number: BS88523AA1452001383,
y. Signal jammer, Serial Number: C2406906,
z. Signal jammer, Serial Number: C2406902,
aa. Signal jammer, Serial Number: C2406734,
bb. All miscellaneous suitcases, backpacks, and clothing items seized from 819 NW 50th Street, Seattle, Washington,
cc. All miscellaneous pieces of jewelry and watch seized from 819 NW 50th Street, Seattle, Washington,
dd. All electronic items, including cellular phones, tablets, and walkie talkies seized from 819 NW 50th Street, Seattle, Washington,
ee. GoPro, Serial Number: C3494224852591, with SanDisk micro 256GB SD card,
ff. Jewelry, pair of knot earrings, gold in color,
gg. Jewelry, chain necklace,
hh. Jewelry, ring with clear colored stones,
ii. Jewelry, pair of hoop earrings with clear colored stones, gold in color,
jj. Jewelry, chain necklace,
kk. Jewelry, chain bracelet,
ll. Samsung Galaxy Watch, Serial Number: RFAX71HQY7M, and
mm. all miscellaneous clothing and household items seized from 68860 E. Manape Dr., Welches, Oregon.

2. The above-listed property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 371 and 2113(a) and 2, and 844(i), 2.

3. Pursuant to Rule 32.2(b)(3), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

4. a. Pursuant to 28 U.S.C. § 2461(c), incorporated by 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and

notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within 60 days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within 30 days from receipt of direct written notice, whichever is earlier.

5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in which all interests will be addressed.

IT IS SO ORDERED.

Dated: October 25, 2026

UNITED STATES DISTRICT JUDGE